IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  16-cv-00344-WYD

In Re: WILLIAM S. DENNEN,

    Debtor,

WILLIAM S. DENNEN,

    Appellant,

v.

[NO NAMED APPELLEE],

    Appellee(s).

## ORDER OF DISMISSAL

Daniel, J.

    Appellant, William S. Dennen, filed a notice of appeal pursuant to 28 U.S.C. § 158(a), seeking review of the Order Annulling the Automatic Stay entered by the bankruptcy court on September 29, 2015.  Mr. Dennen filed an earlier appeal of the bankruptcy court's September 29, 2015 Order in Case No. 15-cv-02194-WYD.  That action was dismissed without prejudice on February 11, 2016 (see ECF No. 25), pursuant to the Appellant's motion.  Because Mr. Dennen filed the notice of appeal in the instant action more than 14 days after the date of the entry of the judgment, order, or decree appealed from, the appeal appears to be untimely and thus have a jurisdictional defect.

    On March 10, 2016, I ordered Mr. Dennen to show cause as to why his appeal

should not be dismissed as having a jurisdictional defect.  On March 24, 2016, Mr. Dennen submitted his response, arguing among other things that due to confusion in the initial filing of the appeal coupled with my "approval and understanding" as to the difficulties the Petitioner experienced, the tardiness in filing his appeal should be excused.  (ECF No. 11).

> However, as I noted in my Order to Show Cause,
>
> a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a); *see also* 28 U.S.C. § 158(c)(2) (appeal from bankruptcy court order must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules").  When an appeal "has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction."  *Bowles v. Russell*, 551 U.S. 205, 210 (2007) (*quoting United States v. Curry*, 47 U.S. 106, 113 (1848)).  The filing of an appeal within the prescribed time is "mandatory and jurisdictional."  *Bowles*, 551 U.S. at 209 (*quoting Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)); *In re Latture*, 605 F.3d 830, 832 (10th Cir. 2010) (affirming that "the failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect" warranting dismissal of the appeal); *In re Kingsley Capital, Inc.*, 423 B.R. 344 (Bankr. 10th Cir. 2010) (same).  The court "has no authority to create equitable exceptions to jurisdictional requirements."  *Bowles*, 551 U.S. at 214.

(ECF No. 10).  In his response, Mr. Dennen submits no legal authority that would confer jurisdiction on this Court.  It is clear that Mr. Dennen voluntarily dismissed his earlier appeal, and then filed the instant notice of appeal more than 14 days after the date of the entry of the judgment, order, or decree appealed from.  Thus, because I have no authority to create equitable exceptions to jurisdictional requirements, this untimely appeal must be dismissed for lack of jurisdiction.

Accordingly, this untimely appeal is **DISMISSED** for lack of jurisdiction.

Dated: March 30, 2016

BY THE COURT:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE